IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Retiree Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund, and Terry Newsome, Jr. and Jon Sterling, as Trustees of said Funds,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Metropolitan Mechanical, Inc.**<br><br>Defendant. | Case No.: 1:21-cv-03263-ELR |

**Plaintiffs' Response to Defendant's
Motion to Set Aside Default**

Plaintiffs Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Retiree Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund (collectively, "Funds"), and Terry Newsome, Jr. and Jon Sterling, as Trustees of the Funds ("Trustees" and, together with the Funds, "Plaintiffs") hereby respond to Defendant Metropolitan Mechanical, Inc.'s ("Defendant") Motion to Set Aside Default, showing the Court as follows:

1

17045340v1

1. Plaintiffs filed their Complaint against Defendant on August 11, 2021. (*See, generally,* Complaint [Doc. 1].)

2. On August 13, 2021, Plaintiffs' process server served Defendant by serving a copy of the Summons and Complaint upon Defendant's registered agent, Corporation Service Company, pursuant to O.C.G.A. §§ 9-11-4(e)(1) and 14-11-209(f) and Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). (*See* Proof of Service, filed August 17, 2021 [Doc. 5].)

3. Defendant failed to file an answer within the time provided by law.

4. On September 8, 2021, Plaintiffs filed a Motion for Entry of Default. (*See* [Doc. 7].)

5. On September 9, 2021, the Clerk of the Court entered a default against Defendant. (*See* September 9, 2021 minute entry.)

6. On September 10, 2021, Defendant filed its Motion to Set Aside Default. (*See* [Doc. 8].)

7. As grounds for seeking to vacate the entry of default, Defendant asserts that excusable neglect exist, that it did not understand its obligation to respond to the Complaint, and that it has a meritorious defense. (*Id.* ¶¶ 9-11.)

8. Defendant further states that it is "prepared to deposit $40,000 into the registry of the Court while the Court and the parties resolve the actual amount due from Defendant." (*Id.* ¶ 12.)

9. Plaintiffs consent to Defendant's Motion to Set Aside Default under the express condition that, upon leave of Court, Defendant deposits $40,000 into the Court's registry.

10. In consenting to Defendant's Motion to Set Aside Default, Plaintiffs do not waive, and expressly reserve, all claims they have against Defendant as set forth in the Complaint.

September 17, 2021

Respectfully Submitted,

ARNALL GOLDEN GREGORY LLP

*/s/ C. Knox Withers*
C. Knox Withers
Georgia Bar No. 142482

Attorneys for Plaintiffs

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
Knox.Withers@agg.com

17045340v1

## Certificate of Service

I certify that, on this date, I served Defendant with a copy of the foregoing **Plaintiffs' Response to Defendant's Motion to Set Aside Default** by electronic filing, which will cause a copy to be delivered to:

>Howard P. Slomka
>Howard Slomka PC
>6400 Powers Ferry Road, N.W.
>Suite 391
>Atlanta, Georgia 30339

September 17, 2021.

>ARNALL GOLDEN GREGORY LLP
>
>
>*/s/ C. Knox Withers*
>C. Knox Withers
>Georgia Bar No. 142482
>
>Attorneys for Plaintiffs

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
Knox.Withers@agg.com

17045340v1