# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTA PLUMBERS AND STEAMFITTERS HEALTH AND WELFARE FUND, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:21-CV-03263-ELR |
| METROPOLITAN MECHANICAL INC., | * * * | |
| Defendant. | * * | |

_____

# O R D E R

_____

Presently before the Court is Defendant Metropolitan Mechanical Inc.'s "Motion to Set Aside Default." [Doc. 8]. For the following reasons, the Court grants Defendant's motion.

On August 11, 2021, Plaintiffs Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Retiree Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund, Terry Newsome, Jr., and Jon Sterling filed their Complaint against Defendant. See Compl. [Doc. 1]. Thereafter, on August 17, 2021, Plaintiffs filed proof of service showing that Defendant was served with

process on August 13, 2021. [See Doc. 5]. Defendant did not respond to Plaintiffs' Complaint within the time allowed by the Federal Rules. See FED R. CIV. P. 12(a)(1)(A)(i). Thus, on September 8, 2021, Plaintiffs moved for a Clerk's entry of default against Defendant, which the Clerk entered the following day. [See Doc. 7].

On September 10, 2021, Defendant filed its instant motion seeking to set aside the entry of default. [See Doc. 8]. By its motion, Defendant represents that its counsel did not learn of the present litigation until September 10, 2021, the day after the Clerk's entry of default, during a meeting with Defendant's Principal Barry John Miele. [See id. at 2]. Additionally, Defendant proffers that it has a meritorious defense to Plaintiffs' claims and that it "is prepared to deposit $40,000 into the registry of the Court while the Court and the parties resolve[] the actual amount due from Defendant." [See id. at 3]. In response, Plaintiffs state that they consent to Defendant's motion "under the express condition that, upon leave of Court, Defendant deposits $40,000 into the Court's registry." [See Doc. 9 at 3].

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default for good cause. "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Although "good cause"

2

is not reducible to an exact formula, courts generally consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." See id. Additionally, courts also examine whether the defaulting party promptly corrected the default. See id. In the end, default judgments are "a drastic remedy which should be used only in extreme situations." See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316–17 (11th Cir. 2002) (internal citation omitted). As such, the Eleventh Circuit has expressed a "preference that cases be heard on the merits rather than by resorting to sanctions that deprive a litigant of his day in court." See id.

Upon review, the Court finds that good cause exists to set aside Defendant's default. First, at this early stage in the proceedings, the Court finds that Plaintiffs will not suffer prejudice if Defendant's default is set aside. See Udoinyion v. Guardian Sec. Mgmt. & Investigative Servs., Inc., No. 1:08-CV-1729-CC, 2013 WL 12212966, at *3 (N.D. Ga. Mar. 27, 2013) (finding that plaintiff will not suffer prejudice by setting aside the default because "the case is still in its early stages"). Additionally, Defendant acted swiftly upon learning of its default. [See Doc. 8]. Further, as noted above, Defendant provides that it "is prepared to deposit $40,000 into the registry of the Court" [see id. at 3], and Plaintiffs consent to Defendant's motion "under the express condition that, upon leave of Court, Defendant deposits

$40,000 into the Court's registry." [See Doc. 9 at 3]. Moreover, setting aside default at this procedural juncture is consistent with the Eleventh Circuit's "strong policy determining cases on their merits." See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Accordingly, the Court **GRANTS** Defendant's "Motion to Set Aside Default" [Doc. 8] and **DIRECTS** the Clerk to set aside the September 9, 2021 entry of default as to Defendant. Additionally, the Court **DIRECTS** Defendant to deposit $40,000 into the Court's registry and **DIRECTS** Defendant to answer or otherwise respond to Plaintiffs' Complaint within fourteen (14) days of the entry of this order.

**SO ORDERED**, this 5th day of October, 2021.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia