IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Retiree Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund, and Terry Newsome, Jr. and Jon Sterling, as Trustees of said Funds,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Metropolitan Mechanical, Inc.,**<br><br>Defendant. | Case No.: 1:21-cv-03263-ELR |

**Memorandum of Law in Support of
Plaintiff's Motion for Entry of Default Judgment**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiffs Atlanta Plumbers and Steamfitters Health and Welfare Fund, Atlanta Plumbers and Steamfitters Retiree Health and Welfare Fund, Atlanta Plumbers and Steamfitters Pension Fund, Plumbers and Steamfitters Local 72 Defined Contribution Fund (collectively, "Funds"), and Terry Newsome, Jr. and Jon Sterling, as Trustees of the Funds ("Trustees" and, together with the Funds, "Plaintiffs") respectfully request that the Court enter a default judgment against Defendant Metropolitan Mechanical, Inc. ("Defendant"). Default

1

judgment is appropriate because Defendant failed to answer or otherwise respond to Plaintiffs' Complaint, and the damages Plaintiffs seek are liquidated.

### Facts

The Funds are employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1002(3) ("ERISA"). (Compl. [Doc. 1] ¶ 1.) The Trustees exercise discretionary authority and control with respect to the management and disposition of the assets of each of the Funds. (*Id.* at ¶ 2.) Accordingly, the trustees are "fiduciaries" of their respective Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). (*Id.*) The Trustees brought this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity. (*Id.* ¶ 3.) Additionally, Defendant was at all times relevant hereto an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and the National Labor Relations Act § 2(2), 29 U.S.C. § 152(2). (*Id.* ¶ 5.)

Pursuant to the collective bargaining agreement between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union No. 72, of Atlanta, Georgia and the Mechanical Contractors Association of Georgia, Inc. ("Agreement"), to which Defendant assented, Defendant is liable to each of the Funds for fringe benefit contributions ("Contributions") due and owing each of

17451262v1

them based on the number of hours worked by members of the Funds. (Compl. ¶ 9; Declaration of Nicole Firestone ("Firestone Decl.") ¶ 3 and Ex. 1 thereto.) Defendant is required to submit payment of all Contributions due and owing for any given month during the following month. (Compl. ¶ 10; Firestone Decl. ¶ 4.)

Periodically, the Funds are entitled and bound as fiduciaries to conduct an audit of an employer's records to confirm that the employer has paid the correct amount of Contributions due and owing. (Compl. ¶ 11; Firestone Decl. ¶ 5.) Following an audit of Defendant's records, the Funds determined that, for the period from February 1, 2019, through December 31, 2019, Defendant underpaid its Contributions, resulting in a principal amount owed of $75,742.66. (Compl. ¶ 12; Firestone Decl. ¶¶ 7-9 and Ex. 2 thereto.) In addition, as provided in provided in 29 U.S.C. § 1132(g)(2)(C), Defendant is obligated to pay statutory liquidated damages for the months of February 2019 through December 2019. (Compl. ¶ 13; Firestone Decl. ¶ 10.) For the months of February 2019 through December 2019, statutory liquidated damages in the amount of $7,574.27 have accrued. (Compl. ¶ 14; Firestone Decl. ¶ 13 and Ex. 2 thereto.) Plaintiffs have demanded that Defendant remit the $83,316.93 total past due amount for Contributions and liquidated damages, but Defendant has refused to do so, thereby defaulting on its obligations. (Compl. ¶ 15; Firestone Decl., ¶ 14 and Ex. 2 thereto.)

Defendant has defaulted on its obligation by failing to pay the past due Contributions and statutory liquidated damages owed to the Funds for the period from February 1, 2019, through December 31, 2019. (Compl. ¶¶ 11-15.) As of the date of this motion, Defendant owes Contributions to the Funds in the amount of $75,742.66. (*Id.* ¶ 12; Firestone Decl. ¶¶ 7, 9 and Ex. 2 thereto.) Pursuant to the Agreement, the trustees of the Funds are authorized to establish guidelines and regulations for the collection of reasonable liquidated damages on delinquent Contributions. (Firestone Decl. ¶ 11 and Ex. 1 thereto.) Under these guidelines and procedures Defendant owes $7,574.27 in liquidated damages on Contributions that were unpaid on the date Plaintiffs filed their Complaint. (Compl. ¶¶ 13-14; Firestone Decl. ¶¶ 12-13 and Ex. 2 thereto.)

**Procedural Posture**

Plaintiffs filed their Complaint against Defendant on August 11, 2021. (*See, generally,* Compl.) On August 13, 2021, Plaintiffs' process server served Defendant by serving a copy of the Summons and Complaint upon Defendant's registered agent, Corporation Service Company, pursuant to O.C.G.A. §§ 9-11-4(e)(1) and 14-11-209(f) and Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). (*See* Proof of Service, filed August 17, 2021 [Doc. 5].) Defendant failed to file an answer within the time provided by law.

On September 8, 2021, Plaintiffs filed a Motion for Entry of Default. (*See* [Doc. 7].) On September 9, 2021, the Clerk of the Court entered a default against Defendant. (*See* September 9, 2021 minute entry.) On September 10, 2021, Defendant filed its Motion to Set Aside Default. (*See* [Doc. 8].) As grounds for seeking to vacate the entry of default, Defendant asserted that excusable neglect existed, that it did not understand its obligation to respond to the Complaint, and that it had a meritorious defense. (*Id.* ¶¶ 9-11.) Defendant further stated that it was "prepared to deposit $40,000 into the registry of the Court while the Court and the parties resolve the actual amount due from Defendant." (*Id.* ¶ 12.) Plaintiffs consented to Defendant's Motion to Set Aside Default under the express condition that, upon leave of Court, Defendant deposits $40,000 into the Court's registry. (*See* Pls.' Resp. to Def.'s Mot. to Set Aside Default [Doc. 9].)

On October 5, 2021, the Court entered an order granting Defendant's Motion to Set Aside the Default and setting aside Defendant's default for good cause. (Order [Doc. 10].) In its Order, the Court directed Defendant to deposit $40,000 into the Court's registry and to answer or otherwise respond to Plaintiffs' Complaint within 14 days of the entry of the Order (*i.e.*, by October 19, 2021). (*Id.*at 4.) A review of the online docket for this case does not reflect that Defendant has answered or otherwise responded to the Complaint (and, indeed, Plaintiffs have

5
17451262v1

received no answer or response) or deposited $40,000 into the Court's registry. (*See generally* Docket.)

On November 8, 2021, Plaintiffs filed a Second Request to Clerk for Entry of Default against Defendant pursuant to Fed. R. Civ. P. 55. [Doc. 11.] The Clerk entered default against Defendant on November 29, 2021. (*See* November 29, 2021 minute entry.)

## Argument and Citation of Authority

A court may enter a default judgment where the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *J&J Sports Productions, Inc. v. Park*, No. 1:12-cv-2026-CC, 2013 WL 1320512, at *2 (N.D. Ga. Mar. 28, 2013) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Where a party "has sought judgment for affirmative relief from a party who has failed to plead or otherwise defend and this fact appears by affidavit or otherwise, entry of default judgment is appropriate." *Id.* (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002)). Here, as explained below, the Funds' well-pleaded allegations provide a sufficient legal basis for the entry of default judgment.

### A. Plaintiffs are entitled to default judgment on all delinquent Contributions.

Where an employer fails to make contributions to employee benefit plans pursuant to a collective bargaining agreement, ERISA entitles the employee benefit plans to a number of remedies from the delinquent employer, including the recovery of unpaid contributions, liquidated damages, and reasonable attorneys' fees and expenses. *See* ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

Plaintiffs' Complaint properly states a claim for unpaid and untimely Contributions under ERISA §§ 502 and 515. Defendant assented to the Agreement, which obligated Defendant to submit reports and make payments in the form of required Contributions to the Funds. (Compl. at ¶¶ 9-10.) Following an audit of Defendant's records, the Funds determined that, for the period from February 1, 2019, through December 31, 2019, Defendant underpaid its Contributions, resulting in a principal amount owed of $75,742.66. (*Id.* at ¶ 12; Firestone Decl. ¶¶ 7-9 and Ex. 2 thereto.) Defendant has thus breached its duties and obligations to the Funds under ERISA § 515 and is liable for the delinquent Contributions under ERISA § 502. 29 U.S.C. § 1132(g)(2) ("the court shall award the plan…the unpaid contributions") and § 1145 (an employer obligated to make contributions pursuant to a collective bargaining agreement "shall…make such contributions in accordance with the terms and conditions of such plan or

agreement"). As of the date of this motion, Defendant owes Contributions to the Funds in the amount of $75,742.66. (Compl. ¶ 1; Firestone Decl. ¶¶ 7, 9 and Ex. 2 thereto.) Therefore, Plaintiffs are entitled to a judgment against Defendant for the delinquent Contributions and all ERISA damages flowing from Defendant's delinquency.

### B. Defendant owes statutory damages pursuant to ERISA § 502(g)(2)(C).

The Funds are entitled to recover an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds' plans in an amount not in excess of twenty percent (20%) of the unpaid Contributions. (Compl. at ¶20); ERISA § 502(g)(2)(C); 29 U.S.C. § 1132(g)(2)(C). In this case, the Funds assessed liquidated damages equal to 10% of the past due Contributions, as provided in the Agreement and the associated guidelines and procedures governing employer contributions to the Funds in the amount of $7,574.27, which is within the limits imposed by statute. (Firestone Decl. ¶ 13.)[1]

---

[1] Although the Funds are entitled to collect interest in *addition* to statutory damages, they have elected not to do so and seek only the unpaid Contributions, statutory late fee damages, and attorney's fees.

17451262v1

### C. Defendant owes attorneys' fees and expenses pursuant to ERISA § 502(g)(2)(D).

Plaintiffs are entitled to their attorneys' fees and expenses incurred in bringing and prosecuting this action against Defendant. (Compl. at ¶ 21.) The reasonable attorneys' fees and expenses equal $6,328.23 through December 7, 2021. (Declaration of C. Knox Withers at ¶ 6.) Plaintiffs may incur additional fees or expenses in prosecuting this case and reserve the right to submit to the Court a declaration as to any such additional amounts.

### Conclusion

The Complaint properly states a claim for unpaid and untimely Contributions pursuant to ERISA §§ 502 and 515. Defendant owes Plaintiffs $75,742.66 in unpaid Contributions, $7,574.27 in statutory damages, and $6,328.23 in attorneys' fees and expenses. For the foregoing reasons, Plaintiffs respectfully request that the Court enter default judgment against Defendant in the amount of $89,645.16. A proposed Order is attached for the Court's convenience.

*[Signature appears on following page.]*

| January 7, 2022. | Respectfully Submitted, |
| --- | --- |
| | ARNALL GOLDEN GREGORY LLP |
| | |
| | */s/ C. Knox Withers* |
| | C. Knox Withers |
| | Georgia Bar No. 142482 |
| | |
| | Attorneys for Plaintiffs |

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
Knox.Withers@agg.com

# Certificate of Service

I certify that, on this date, I served Defendant with a copy of the foregoing **Memorandum of Law in Support of Plaintiffs' Motion for Entry of Default Judgment** by electronic filing, which will cause a copy to be delivered to:

> Howard P. Slomka
> Howard Slomka P.C.
> 6400 Powers Ferry Road, N.W.
> Suite 391
> Atlanta, Georgia 30339

January 7, 2022.

ARNALL GOLDEN GREGORY LLP

*/s/ C. Knox Withers*
C. Knox Withers
Georgia Bar No. 142482

Attorneys for Plaintiffs

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
Knox.Withers@agg.com

17451262v1